NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED BAVENDAM and JOHN EASTCOTT, | : |
| | : |
| Plaintiffs, | : Civil Case No. 13-3096 (FSH) |
| | : |
| v. | : |
| | : |
| PEARSON EDUCATION, INC., | : |
| | : |
| Defendant. | : |

| | |
|---|---|
| CHARLES P. NICKLIN, RICHARD L. MINDEN, | : |
| and MINDEN PICTURES, INC., | : |
| | : Civil Case No. 13-3176 (FSH) |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| PEARSON EDUCATION, INC., | : |
| | : |
| Defendant. | : |

| | |
|---|---|
| FRANS LANTING, | : |
| | : |
| Plaintiff, | : Civil Case No. 13-3318 (FSH) |
| | : |
| v. | : |
| | : |
| PEARSON EDUCATION, INC., | : |
| | : |
| Defendant. | : |
| | : |

|                                                      |   |                                |
|------------------------------------------------------|---|--------------------------------|
| JIM BRANDENBERG, TIM FITZHARRIS, and MARK MOFFETT,   | : |                                |
|                                                      | : | Civil Case No. 13-3319 (FSH)   |
| Plaintiffs,                                          | : |                                |
|                                                      | : |                                |
| v.                                                   | : |                                |
|                                                      | : |                                |
| PEARSON EDUCATION, INC.,                             | : |                                |
|                                                      | : |                                |
| Defendant.                                           | : |                                |
|                                                      | : |                                |
| GERRY ELLIS, MICHAEL QUINTON, KONRAD WOTHE, and TUI DE ROY, | : |                    |
|                                                      | : | Civil Case No. 13-3320 (FSH)   |
| Plaintiffs,                                          | : |                                |
|                                                      | : |                                |
| v.                                                   | : |                                |
|                                                      | : | Date: October 3, 2013          |
| PEARSON EDUCATION, INC.,                             | : |                                |
|                                                      | : |                                |
| Defendant.                                           | : |                                |

## OPINION & ORDER

### HOCHBERG, District Judge:

This matter comes before the Court upon Pearson's motions to sever and dismiss in five concurrent copyright infringement cases brought by various photographers against Pearson. For the reasons stated below, the Court denies Pearson's motions to sever, denies Pearson's motions to dismiss the contributory infringement claims, and denies Pearson's motion to dismiss MPI under the doctrines of claim preclusion and issue preclusion.

# I.     BACKGROUND

The general facts of the five Pearson matters are similar.  Minden Pictures, Inc. ("MPI") is a stock photo agency that licenses photographs of various photographers to publishers, including Defendant Pearson Education, Inc. ("Pearson" or "Defendant").  Pearson publishes and sells textbooks.  Each of the five above captioned cases in front of this Court involves MPI, photographers, or MPI and photographers ("Plaintiffs").  Plaintiffs sued Pearson for copyright infringement alleging unauthorized use of the photographers' photographs.

On November 7, 2011, MPI filed a complaint in the U.S. District Court for the Northern District of California asserting copyright infringement claims against Pearson.  *See Minden Pictures, Inc. v. Pearson Education, Inc.*, No. 11-5385, Dkt. No. 1.  On March 5, 2013, the *Minden* Court granted summary judgment in Pearson's favor, concluding MPI lacked statutory standing under the Copyright Act to assert copyright infringement claims on behalf of the photographers.  *Id.* at Dkt. Nos. 76 & 77.[1]  MPI appealed that decision, and the appeal is now before the U.S. Court of Appeals for the Ninth Circuit.  After the *Minden* decision, several photographers and MPI filed suits in this district.

In the five related actions before this Court, the plaintiffs allege that Pearson engaged in widespread copyright infringement by a three step scheme:  (i) Pearson requested and obtained limited licenses to print copyrighted photographs; (ii) Pearson then printed and distributed its textbooks beyond the uses permitted by the licenses; and (iii) refused to provide information about its use of the copyrighted photographs.  Plaintiffs allege that Pearson is liable for direct

---

[1] *Minden Pictures, Inc. v. Pearson Educ., Inc.*, Civ No. 11-05385, 2013 WL 812412 (N.D. Cal. Mar. 5, 2013).

and contributory copyright infringement.  In each case, MPI was the agent who negotiated and executed the limited licenses with Pearson.

Pearson moves in the above-captioned cases to dismiss the contributory infringement claims, sever all non-first-named plaintiffs, and dismiss plaintiff MPI.

## II.    STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis.  "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.  However, an exception to the general rule is that a 'document *integral to or explicitly* relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted) (emphasis in original).

### III.    DISCUSSION

#### a.  *Severance*[2]

Pearson asks the Court to sever or dismiss any plaintiff that is not the first-named plaintiff in four of the five Pearson cases pending before this Court.[3]  Federal Rule of Civil Procedure 20 governs permissive joinder:  "Persons may join in one action as plaintiffs if:  (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1). Federal Rule of Civil Procedure 21 governs misjoinder:  "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.

The requirements of Rule 20(a) are construed in light of the underlying purposes of joinder—the promotion of trial convenience and judicial economy. *See Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).  "For courts applying Rule 20 . . . the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims,

---

[2] This portion of the Court's Opinion only applies to the following civil actions:  Civ. Nos. 13-3096, 13-3176, 13-3319, and 13-3320.

[3] The fifth case, Civ. No. 13-3318, only involves a single plaintiff.

parties and remedies is strongly encouraged."  *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (internal quotation marks omitted).  However, the policy behind Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.  *See*, *e.g.*, *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007).

Factors that may be considered in determining whether severance is warranted include: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted." *Gary v. Albino*, Civ. No. 10-886, 2010 WL 2546037, at *4 (D.N.J. June 21, 2010) (internal citations and quotation marks omitted).

Pearson argues that plaintiffs do not assert any right to relief jointly or severally and that the claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.  Specifically, Pearson argues that each plaintiff's claims involve different photographs, different registration statuses, different publications, and different licenses. Pearson also argues that the plaintiffs do not have any questions of law or fact common to all plaintiffs.

In response, plaintiffs argue that in each case the plaintiffs had the same licensing agent (MPI), that it was the licensing agent that corresponded with Pearson, and it was the licensing agent who granted the limited permissions to Pearson.  Plaintiffs also argue that the underlying licenses contain identical terms regardless of which photographer's images are licensed. Plaintiffs also assert the same pattern and practice of under-licensing by Pearson has harmed the various plaintiffs.

The Court finds that the plaintiffs meet the requirements of Rule 20(a) because the claims arise out of the same transaction or occurrence (or the same series of transactions or occurrences). Although the claims plaintiffs bring involve different underlying material, they all involve licenses negotiated by MPI and Pearson and publications created and sold by Pearson. Each of plaintiffs' claims is also premised on the same alleged pattern and practice of under-licensing copyrighted work by Pearson. The various claims will also raise common questions of law and fact, such as the negotiations between Pearson and MPI. Joinder under Rule 20(a) is also supported by the underlying purposes of Rule 20. Much time and many resources would be wasted maintaining a dozen separate cases involving the same underlying facts.[4]

Other factors the Court may consider also support keeping these plaintiffs together. The issues presented by the plaintiffs are similar, and there will be substantial overlap of witnesses and documentary evidence. *See Gary*, 2010 WL 2546037, at *4. Nor will the parties be prejudiced by keeping the plaintiffs together in their respective matters. Pearson already offered to conduct joint discovery among all the pending cases. Pearson's only prejudice objection appears to relate to whether or not plaintiffs' trials should be separate. The Court finds that no basis has been shown at this time that separate trials are needed to prevent undue prejudice. A limiting instruction will properly cover this issue at trial, and it would be a waste of judicial resources to have multiple trials on the same issues and many of the same witnesses. The actions of the Defendant have not been shown to be different as between the various plaintiff photographers, and the testimony of MPI will be substantially the same with respect to each photographer and each photograph.

---

[4] Plaintiffs also assert that because of the commonality of the underlying facts, the majority of issues in all of these cases will be addressed by a single witness on the plaintiffs' side—Richard L. Minden.

### b.   Motions to Dismiss the Contributory Copyright Infringement Claims[5]

Pearson also moves to dismiss plaintiffs' contributory copyright infringement claims in each of the five pending actions arguing that (i) plaintiffs do not allege sufficient facts to meet Rule 8(a)(2), and (ii) plaintiffs cannot allege contributory infringement based on extraterritorial infringement.

Contributory copyright infringement requires a plaintiff to allege:  "(1) direct copyright infringement of a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) material contribution to the infringement."  *Parker v. Google, Inc.*, 242 F. App'x 833, 837 (3d Cir. 2007) (citing *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 160 (3d Cir. 1984)).  As explained below, plaintiffs have alleged sufficient facts to plead contributory infringement and survive a motion to dismiss.

### i.   Adequacy of Plaintiffs' Factual Allegations

Pearson argues that plaintiff's contributory copyright infringement claims fail for two reasons.  First, Pearson argues that plaintiffs' contributory copyright claims do not include the factual allegations necessary to support the claims.  Instead, Pearson asserts that plaintiffs' claims merely recite the elements of the cause of action without the support required by Rule 8.  Specifically, Pearson argues that plaintiffs' complaints lack any allegation of facts related to third-party direct infringement or an allegation of facts related to knowledge or inducement.  Second, Pearson argues that plaintiffs' contributory infringement claims must fail to the extent they rely on extraterritorial acts.  In response, plaintiffs argue that they meet the pleading requirements of Rule 8.  Plaintiffs also argue that at least part of the alleged contributory

---

[5] This portion of the Court's opinion applies to all five of the above captioned cases.

infringement takes place in the United States, thus the conduct falls into an accepted exception to the general rule that the Copyright Act does not apply outside the United States.

Other district courts have addressed the issues raised by the parties in this matter.  Three district courts have dismissed without prejudice similarly worded, but not identical, contributory infringement claims while two have allowed them to advance.

 In *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, Civ. No. 11-4649 (E.D. Pa. July 27, 2012), Dkt. No. 48, the court denied a motion to add a contributory infringement claim stating that a "vague, broadly-worded assertion does not provide enough factual support to survive a motion to dismiss under Rule 12(b)(6)."  *Id.*, at *2.  Similarly, in *Panoramic Stock Images, Ltd. v. Pearson Educ., Inc.*, Civ. No. 12-9918, 2013 WL 2357586 (N.D. Ill. May 29, 2013), the court dismissed a contributory infringement claim stating:  "[Plaintiff] fails to state a claim for contributory infringement because the First Amended Complaint fails to identify any third party or publication that allegedly infringed on its copyrights or any factual basis suggesting that Pearson induced or encouraged infringement. . . .  This Court cannot reasonably infer from these allegations that any contributory infringement took place either inside or outside the United States."  *Id.*, at *3-4.  In *Viesti Associates, Inc. v. Pearson Educ., Inc.*, Civ No. 12-2240 (D. Colo. Aug. 12, 2013), Dkt. No. 49, the court granted a motion to dismiss a contributory copyright infringement claim finding that the plaintiff had failed to allege facts describing instances of Pearson encouraging or promoting third parties to infringe plaintiff's photographs. *Id*. at *14-15.

In contrast, in *StockFood Am., Inc. v. Pearson Educ., Inc.*, Civ. No. 12-124, 2012 WL 5986791 (D. Me. Nov. 29, 2012), the court found language substantially similar, but not identical, to that in *Heilman* alleged sufficient facts to survive a motion to dismiss.  *Id.*, at *4-5.

In *StockFood*, the court found a complaint sufficient when it alleged that (i) Pearson reproduced photographs, (ii) distributed them to third parties without permission, and (iii) the third parties translated publications containing the photographs into additional languages or published them in local adaptations or reprints without its permission. *Id.* at *5. Similarly, in *Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.*, Civ. No. 13-78 (E.D. Pa. Mar. 28, 2013), Dkt. No. 33, the court denied Pearson's motion to dismiss without opinion when the plaintiff used substantially similar, although not identical, language in its complaint with respect to the contributory infringement claims.

The Court finds that the plaintiffs' complaints meet the threshold for pleading under Rule 8 and survive the motions to dismiss. As noted above, contributory copyright infringement requires three elements: "(1) direct copyright infringement of a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) material contribution to the infringement." *Parker*, 242 F. App'x at 837.

Plaintiffs have alleged that Pearson facilitates the international distribution of its publications through its international rights management group. (*E.g.*, Civ. No. 13-3096, Complaint at ¶ 26[6].) This group seeks to "maximize the number of translations and local versions published that are based upon products of Pearson Education." (*Id.*) Plaintiffs have alleged that Pearson reproduced and distributed the photographs at issue without plaintiffs' permission. (*Id.* at ¶ 27.) Plaintiffs allege that this distribution to third parties occurred within the United States, and the third parties went on to reproduce and distribute the photographs at issue. (*Id.* at ¶¶ 27, 29-30.) Plaintiffs go on to give two examples of third-party publications that

---

[6] The contributory copyright infringement claims in each action are substantially similar, although the paragraph numbering for each individual case varies slightly. Citations to the Complaint in civil action number 13-3096 are used for convenience.

allegedly include photographs at issue in these cases.  (*Id*. at ¶ 28.)  Plaintiffs also allege that Pearson knew of this alleged infringement.  (*Id*. at ¶¶ 31-32.)

Plaintiffs have alleged enough facts to survive a motion to dismiss because, if accepted as true, their factual allegations "state a claim to relief that is plausible on its face."[7] *Iqbal*, 129 S. Ct. at 1949.  The complaint alleges third-party infringement, Pearson's knowledge of that infringement, and material contribution in the form of reproduction, transmission, and facilitation.[8]

---

[7] Given Pearson's superior knowledge of the underlying facts, plaintiffs' reliance on the use of "information and belief" in their complaints does not prevent the complaints from stating a plausible claim of entitlement to relief.  *See*, *e.g.*, *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.") (citations and internal quotation marks omitted).

[8] Pearson argues that merely supplying means to accomplish infringing activity does not give rise to liability for contributory infringement.  For this proposition Pearson cites *Capitol Records, Inc. v. Foster*, Civ. No. 04-1569, 2007 WL 1028532 (W.D. Okla. Feb. 6, 2007), *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181 (D.D.C. 2005), and *Brought to Life Music, Inc. v. MCA Records, Inc.*, Civ. No. 02-1164, 2003 U.S. Dist. LEXIS 1967 (S.D.N.Y. Feb. 11, 2003).  But these cases are distinguishable.  In *Capitol Records*, the complaint did not contain any suggestion "that [the defendant] knew third parties were using her account to infringe the plaintiffs' copyrights or that she substantially participated in any infringing activities."  *Capitol Records*, 2007 WL 1028532, at *3.  In *Newborn*, the complaint contained "brief, conclusory statements, which are accompanied by no factual support," and did not allege that "the defendants' activities were anything more than the mere operation of the website businesses."  *Newborn*, 391 F. Supp. 2d at 189 (citation and internal quotation marks omitted).  Similarly, in *MCA Records*, the plaintiff failed to allege that the defendant had knowledge of the third-party infringement.  *MCA Records*, 2003 U.S. Dist. LEXIS 1967, at *5-8 ("the complaint does not allege that [defendant] had knowledge of, or reasonably should have anticipated the alleged infringement").

### ii. *Extraterritoriality*

Pearson also argues that "[t]o the extent Plaintiffs' contributory infringement claim is based on allegations of extraterritorial infringement, the claim also fails because the Copyright Act does not apply to acts of infringement that occur outside of the United States."

The Court finds that Plaintiffs have pleaded sufficient factual matter to state a claim under the "predicate act exception" to the territoriality application of the Copyright Act. *See*, *e.g.*, *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d 292, 306 (4th Cir. 2012) (describing and adopting the predicate act doctrine and noting its acceptance by the Second, Sixth, Ninth, and Federal Circuits) *cert. denied*, 133 S. Ct. 846 (2013). "As a general matter, the Copyright Act is considered to have no extraterritorial reach. But courts have recognized a fundamental exception: when the type of infringement permits further reproduction abroad, a plaintiff may collect damages flowing from the foreign conduct." *Id.* (internal citations and quotation marks omitted). Plaintiffs allege an infringement in the United States—Pearson's unauthorized copying of photographs for distribution to third parties—that fueled further infringement abroad. (*E.g.*, Civ. No. 13-3096, Complaint at ¶¶ 26-36.) These allegations, taken as true for purposes of evaluating a motion to dismiss, suffice to trigger the predicate act exception.[9] *See StockFood*, 2012 WL 5986791, at *7.

### c. *Motion to Dismiss MPI's Copyright Infringement Claims*[10]

Pearson moves to dismiss MPI's infringement claims under the doctrines of claim and issue preclusion based on the judgment rendered in a prior case between MPI and Pearson.

---

[9] Pearson's citation to *Music Sales Ltd. v. Charles Dumont & Son, Inc.*, 800 F. Supp. 2d 653, 660 (D.N.J. 2009) is inapposite. In *Music Sales*, the court recognized the "predicate act exception" but noted for it to apply there must be a predicate act that constitutes infringement. *Id.* There was no infringing predicate act in *Music Sales*. *Id.*

[10] This portion of the Court's opinion applies to civil action number 13-3176.

i.  Claim Preclusion

*Res judicata*, or claim preclusion, "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).  The doctrine "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Id*.  "In order to prevail on a defense of res judicata [claim preclusion], a defendant must demonstrate that there has been: (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action." *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir. 2009); *see also Mullarkey*, 536 F.3d at 225.

Pearson argues that the court in the prior *Minden* action issued a final judgment holding that MPI lacked standing to assert copyright infringement claims related to Pearson's alleged use of the works of third-party photographers.  Pearson also argues that MPI's claims in this action are based on the same alleged infringement that MPI asserted in *Minden*.  The parties do not dispute that the parties in *Minden* (MPI and Pearson) are identical to the parties in the present litigation.

In response, MPI argues that claim preclusion does not apply because the California court expressly reserved the rights of photographers to bring suit.  Specifically, the *Minden* Court stated:  "Judgment will be entered for defendant Pearson, Inc.  This is a ruling on standing only. It does not bar the photographers themselves from suing Pearson on the same claims." *Minden Pictures, Inc.*, 2013 WL 812412, at *9.  MPI argues that because it is the sole owner of certain photographs, it should be allowed to bring copyright infringement claims related to those photographs.

It is well accepted that expressly preserved claims are not subject to claim preclusion. *See Venuto v. Witco Corp.*, 117 F.3d 754, 758-61 (3d Cir. 1997); *see also* Restatement (Second) of Judgments § 26 (1982); § 4413, Claim Preclusion—Control by First Court, 18 Fed. Prac. & Proc. Juris. § 4413 (2d ed.) ("A judgment that expressly leaves open the opportunity to bring a second action on specified parts of the claim or cause of action that was advanced in the first action should be effective to forestall preclusion."). In *Minden*, the court expressly reserved the photographers' right to bring an action based on the same causes of action presented by MPI. This Court finds that the *Minden* Court also reserved the causes of action MPI asserts in this action. This is supported by the fact that, here, Minden alleges that a photographer, Nicklin, sold all of his rights to certain photographs to Minden in 1998. (Civ. No. 13-3176, Complaint at ¶ 11.) The *Minden* Court clearly envisioned that some entity would be able to assert the underlying copyright infringement claims. In this case, by virtue of an alleged wholesale assignment, those rights presumably reside with MPI. Thus, MPI's right to bring this action for photographs it wholly owns was preserved in the *Minden* action.[11] Indeed, the photographers can freely sell or transfer their copyrights, and any subsequent buyer should be able to exercise those preserved causes of action as if they were the original copyright owner. MPI's claims are not barred by claim preclusion.

ii.  Issue Preclusion

"The doctrine of issue preclusion . . . derives from the simple principle that 'later courts should honor the first actual decision of a matter that has been actually litigated.'" *Burlington N. R. Co. v. Hyundai Merch. Marine Co., Ltd.*, 63 F.3d 1227, 1231 (3d Cir. 1995) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4416

---

[11] This outcome also ensures that these claims will be addressed on their merits.

14

(1981)).  "Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine applies when:  "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment."  *Burlington*, 63 F.3d at 1231-32.

Here, issue preclusion does not apply because the *Minden* Court never addressed MPI's right to assert copyright infringement claims for photographs where MPI is the sole owner. Rather, Minden only addressed MPI's right to assert claims based on co-ownership.  *Minden*, 2013 WL 812412, at *1.  MPI's claims are not barred by issue preclusion.

## IV.    CONCLUSION & ORDER

For the reasons stated above;

**IT IS** on this 3rd day of October 2013,

**ORDERED** that Pearson's motions to dismiss and sever are **DENIED** in the following actions:  Civ. No. 13-3096 [Dkt. No. 6], Civ. No. 13-3176 [Dkt. No. 7], Civ. No. 13-3318 [Dkt. No. 6], Civ. No. 13-3319 [Dkt. No. 6], Civ. No. 13-3320 [Dkt. No. 6]; and it is further

**ORDERED** that civil action numbers 13-3096, 13-3176, 13-3318, 13-3319, and 13-3320 will be consolidated in front of the Honorable Michael A. Hammer, U.S.M.J. for purposes of discovery.

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg_____**
**Hon. Faith S. Hochberg, U.S.D.J.**